GRADY LEE BEAVER AND WIFE, NANCY BEAVER v. LARRY P. HAMPTON AND LARRY O. HAMPTON

No. 9122SC50

(Filed 5 May 1992)

**1. Appeal and Error § 203 (NCI4th) — notice of appeal — served on counsel for insurance carrier — sufficient**

Service of notice of appeal on an insurance carrier was sufficient and a motion to dismiss the appeal pursuant to Rule 3 of the Rules of Appellate Procedure was denied where the insurance carrier contended that its counsel, Pinto, did not represent the named defendants at trial and that any notice of appeal given to Pinto was not sufficient to serve defendants where Pinto conducted the examination of witnesses for the defense at trial, conducted the direct examination of de-

fendants, one of the defendants told the attorney for the plaintiffs that any pertinent correspondence should be sent to Pinto, and Pinto appeared as attorney of record representing "the defendants" on all documents filed in the appeal.

**Am Jur 2d, Appeal and Error §§ 316-318.**

2. **Appeal and Error § 147 (NCI4th)— denial of motion in limine — no objection when evidence introduced—issue not preserved**

Plaintiff in an action arising from an automobile collision failed to preserve for appeal issues involving evidence that defendant-driver's brother was killed in the accident and that other people were injured where plaintiff filed a motion in limine to exclude that evidence, the trial court did not conduct a full hearing of the evidentiary matters underlying the motion and did not hear the undesired evidence until it was offered for trial, and plaintiffs objected only once to eleven testimonial references to the death and made no objection to testimony regarding injuries to other persons. It is not sufficient to simply file a pretrial motion in limine to exclude evidence which the trial judge has not heard; the movant must make at least a general objection when the evidence is offered at trial. N.C.G.S. § 1A-1, Rule 46; N.C. R. App. P. 10.

**Am Jur 2d, Appeal and Error §§ 517, 545, 553.**

3. **Rules of Civil Procedure § 59 (NCI3d)— automobile collision case—amount of damages—motion for a new trial—denied**

The trial court did not abuse its discretion in an action arising from an automobile collision by denying plaintiff Grady Beaver's motion for a new trial on the grounds that award of $30,000 was inadequate and given under the influence of passion or prejudice. While there was evidence that Mr. Beaver's medical bills amounted to $69,440.54 and that he suffered $38,000 in lost wages, there was also evidence that his ruptured disc could have occurred on several other occasions and may not have been caused by the subject accident.

**Am Jur 2d, Appeal and Error § 887; Trial § 1955.**

4. **Judgments § 55 (NCI3d)— prejudgment interest—not awarded on full amount—error**

The trial court erred in an action arising from an automobile collision by not awarding prejudgment interest on the full

BEAVER v. HAMPTON

[106 N.C. App. 172 (1992)]

amount of the judgment from the time of filing where the court granted prejudgment interest on only the $5,000 that remained due on the $30,000 judgment after subtracting the $25,000 policy limits the liability carrier paid after the filing date of the complaint but before the judgment. N.C.G.S. § 24-5 clearly authorizes the payment of prejudgment interest on the full amount of the judgment. Because the record was devoid of references to the specific language of the insurer's liability policy, the trial court upon remand should review the policies in question and, absent any statutory provision that requires the liability carrier to pay prejudgment interest in excess of its liability limits, the prejudgment interest properly payable to the plaintiffs should be paid by the underinsured carrier.

**Am Jur 2d, Automobile Insurance § 428.**

APPEAL by plaintiffs from judgment entered 8 June 1990 in IREDELL County Superior Court by *Judge F. Fetzer Mills*. Heard in the Court of Appeals 15 October 1991.

*Harris, Pressly & Thomas, by Scott E. Lawrence and Edwin Pressly, for plaintiffs-appellants.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Matthew L. Mason, for Nationwide Mutual Insurance Company, unnamed defendant-appellee.*

WYNN, Judge.

On 23 May 1988, a tractor-trailer dump truck driven by the plaintiff, Grady Beaver, collided with a car driven by the defendant, Larry P. Hampton, and owned by his father, defendant, Larry O. Hampton. The defendant driver's twin brother, Lynn Hampton, was a passenger in the Hampton car and was killed as a result of the accident. Prior to trial, the defendant's liability carrier tendered its policy limit of $25,000, and the trial court allowed it to withdraw from the case. Nationwide Mutual Insurance Company, ("Nationwide"), is the underinsured carrier for the plaintiffs, and on appeal is the unnamed defendant-appellee.

Initially, plaintiffs filed a motion in limine to exclude any evidence or reference to injuries suffered by persons other than the plaintiff. This motion was denied. During the trial, the issue

of Larry P. Hampton's negligence was not contested, and the jury considered only the following four issues: (1) Mr. Beaver's contributory negligence; (2) the measure of Mr. Beaver's damages; (3) whether Larry P. Hampton's negligence caused Mrs. Beaver's loss of consortium; and (4) the measure of Mrs. Beaver's damages. The jury found that Mr. Beaver was not contributorily negligent and awarded him damages in the amount of $30,000. The jury also found that Larry Hampton's conduct did not cause Nancy Beaver's loss of consortium. The trial court entered judgment in conformity with the jury's verdict and, after deducting the $25,000 previously paid by defendant's liability carrier, awarded prejudgment interest only on the remaining $5,000.

Thereafter, the plaintiffs moved to amend the judgment and for a new trial, contending in both motions, that the jury was "swayed by sympathy for the defendant because he suffered the loss of his brother," which resulted in an artificially low damage award. From the denial of both motions and the judgment of the trial court, the plaintiffs appeal.

I.

[1] At the outset, we consider the defendant-appellee's motion made before this Court to dismiss the plaintiffs' appeal pursuant to Rule 3 of Appellate Procedure which provides that notice of appeal must be given thirty days after the entry of a judgment or order. See N.C.R. App. P. 3. Nationwide contends that its counsel, Richard L. Pinto, did not represent the named defendants ("the Hamptons") during the trial of this case. As such, Nationwide maintains that any notice of appeal that was given to Mr. Pinto was not sufficient to serve the named defendants, the Hamptons.

The Hamptons' liability insurance carrier retained Mr. Michael R. Greeson to represent them for this case; however, the trial court allowed him to withdraw following payment of the liability carrier's policy limits. At trial, Mr. Pinto apparently represented the Hamptons as well as Nationwide. He not only conducted the examination of witnesses for the defense, but it is significant to note that he conducted the direct examination of the Hamptons.

The judgment in this case was entered on 8 June 1990, and the plaintiffs filed and served Mr. Pinto with their notice of appeal on 28 June 1990, well within the thirty day limitation of Rule 3. Moreover, in response to correspondence sent to him, Larry

O. Hampton told the attorney for the plaintiffs that any correspondence pertinent to the Hamptons should be sent to Richard Pinto. Furthermore, we note that on all documents filed in the appeal before this Court, Mr. Pinto appears as the attorney of record representing "the defendants." We, therefore, deny appellees' motion to dismiss this appeal under Rule 3.

## II.

**[2]** The plaintiffs assign error to the trial court's denial of their motion in limine to prohibit the introduction of evidence that the defendant-driver's brother died in the accident and that other persons were injured. First, we consider whether plaintiffs have preserved this issue for appeal after failing to object when the evidence was introduced at trial.

The issue of whether the making of a pretrial motion in limine, in and of itself, is sufficient to preserve a question for appeal is a matter of first impression for this state. Plaintiffs contend however, that Rule 10 of Appellate Procedure and Rule 46 of Civil Procedure support their position. Rule 10 in pertinent part provides:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

N.C.R. App. P. 10 (1991). Rule 46 in pertinent part provides:

> [W]hen there is objection to the admission of evidence including a specified line of questioning, it shall be deemed that a like objection has been taken to any subsequent admission of evidence including the same line of questioning.

N.C. Gen. Stat. § 1A-1, Rule 46(a)(1) (1990). We disagree with the plaintiffs' contention that these rules allow the preservation of an issue solely through the making of a motion in limine.

In *State v. Wilson*, 289 N.C. 531, 223 S.E.2d 311 (1976), our Supreme Court addressed an analogous issue. The defendant, in *Wilson*, contended that his pretrial motion to suppress was sufficient to preserve for appeal the question of the admissibility of evidence which was admitted during the trial of his case without objection. Instructively, the Court held that, "[i]t does not suffice merely to file a pretrial motion to suppress evidence which the

trial judge has not heard and ordinarily will not hear until it is offered at trial. To challenge the admissibility of in-court testimony defendant is required to interpose at least a general objection when such evidence is offered." *Id.* at 537, 223 S.E.2d at 315 (citing *State v. Haskins*, 278 N.C. 52, 178 S.E.2d 610 (1971)).

Paraphrasing the rationale of *Wilson*, we conclude that it is not sufficient to simply file a pretrial motion in limine to exclude evidence which the trial judge has not heard. As in *Wilson*, to preserve for appeal matters underlying a motion in limine, the movant must make at least a general objection when the evidence is offered at trial. We note that our ruling is consistent with the holdings of other jurisdictions on this issue. *See McEwen v. City of Norman, Okl.*, 926 F.2d 1539 (10th Cir. 1991) (where a party objected to the admissibility of evidence in a motion in limine but did not interpose an objection at trial, the issue was not preserved for appeal); *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266 (5th Cir.), *cert. denied*, 493 U.S. 823, 107 L.Ed.2d 49 (1989) (an objection is required to preserve error in the admission of testimony or the allowance of cross-examination even when a party has unsuccessfully moved in limine to suppress that testimony or cross-examination); *Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980) (after a motion in limine is overruled a party must object to preserve an error for appellate review).

In the instant case, the record reflects that the trial judge did not conduct a full hearing of the evidentiary matters underlying the motion in limine. As such, the trial judge did not hear the undesired evidence until it was offered at trial. During the trial, of the eleven testimonial references to the death of Lynn Hampton, plaintiffs objected only once. Moreover, the plaintiffs made no objection during the trial to testimony regarding injuries to other persons. Applying the above-stated rule to these facts, we find that plaintiffs failed to preserve these issues for appeal. Accordingly, plaintiffs' assignment of error is dismissed.

### III.

[3] The plaintiff, Grady Beaver, next assigns error to the trial court's denial of his motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59. He contends that he is entitled to a new trial under Rule 59(a)(6) because the jury's award of $30,000 was inadequate and was given under the influence of passion or preju-

dice. For the reasons that follow, we find his contention to be without merit.

A motion under Rule 59(a)(6) is "directed to the sound discretion of the trial court." *Haas v. Kelso*, 76 N.C. App. 77, 82, 331 S.E.2d 759, 762 (1985). "Consequently, an appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Andrews v. Peters*, 318 N.C. 133, 137-38, 347 S.E.2d 409, 412 (1986) (citing *Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982) ). Furthermore, when there is no stipulation of damages, the testimony of witnesses becomes evidence for the sole province of the jury to consider. *Blow v. Shaughnessy*, 88 N.C. App. 484, 494, 364 S.E.2d 444, 449 (1988).

In the case at bar, the proximate cause of Mr. Beaver's injuries was hotly contested at trial. Thus, while there was evidence that Mr. Beaver's medical bills amounted to $69,440.54 and that he suffered $38,000 in lost wages, there was also evidence that Mr. Beaver's ruptured disc could have occurred on several other occasions, and may not have been caused by the subject accident. Mr. Beaver testified at trial that he injured his back on three occasions after the accident: On 30 July 1988, while twisting around in his truck; on 11 September 1988, while moving a bed; and on 23 September 1988 while maneuvering on some steps. Furthermore, there was testimony from the plaintiffs' own medical expert agreeing that "there was no way to know" whether the vehicular accident caused the disc protrusion and its subsequent rupture or whether the accident merely strained some of the plaintiff's ligaments and another event caused the disc to rupture.

This testimony, left properly to the sole province of the jury for consideration, was sufficient for the jury to enter the subject award of damages. As such, the trial judge's denial of the plaintiff's motion for a new trial did not amount to a miscarriage of justice. Accordingly, we find the trial court did not abuse its discretion in denying the plaintiffs' motion for new trial on the issue of damages.

IV.

[4] In their final assignment of error, plaintiffs contend that the trial court erred in failing to award prejudgment interest on the full amount of the judgment from the time of filing. We agree.

The relevant statutory provision is N.C. Gen. Stat. § 24-5 (1991), which provides:

> In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

*Id.* This statute clearly authorizes the payment of prejudgment interest on the full amount of the judgment.

In the subject case, the trial court granted prejudgment interest on only the $5,000 that remained due on the $30,000 judgment after subtracting the $25,000 policy limits paid by the liability carrier after the filing date of the complaint but before the judgment. Thus, the trial court erred in failing to award prejudgment interest on the $25,000 paid by the liability carrier from the filing date until it was paid by the liability carrier on 30 March 1989. Regarding the remaining $5,000, prejudgment interest should be taxed from the date of filing to the time of judgment as a cost, less any interest already paid.

Having determined that prejudgment interest must be taxed to the full judgment in this case, we next consider whether the liability carrier or the underinsured carrier must pay this additional cost. Recently, in *Sproles v. Greene*, 329 N.C. 603, 407 S.E.2d 497 (1991), the Supreme Court reversed an earlier decision by this Court, *see Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1991). The *Sproles* decision interpreted two liability payment provisions in which one policy provided that the insurer would pay "all costs taxed against the insured," and another policy provided a promise to pay for "all defense costs" incurred. The Court differentiated the two provisions by noting that the promise to pay "all costs taxed against the insured" was quite broad and included "prejudgment interest because that is a cost taxed against the insured," *Sproles*, 329 N.C. at 611, 407 S.E.2d at 502, whereas the promise to pay "all defense costs" referred to only those costs associated with the process of defending the claim "such as attorney fees, deposition expenses, and court costs." *Id.* The Court further held that absent any statutory or policy provision that required the liability carrier to pay prejudgment interest in excess of its policy limits, the prejudgment interest cost should not be taxed against the liability insurance carrier. *Id.* at 611-12, 407 S.E.2d at 502.

In the case at hand, we note that the record is devoid of references to the specific language of the insurer's liability policy. Without knowledge of the contents of each insurer's policy, we are unable to determine which carrier should be responsible for paying the prejudgment interest. Upon remand, the trial court should review the policies in question and absent any statutory provision that requires the liability carrier to pay prejudgment interest in excess of its liability limits, the prejudgment interest properly payable to the plaintiffs should be paid by the underinsured carrier.

For the foregoing reasons, we affirm the judgment of the trial court in part and reverse on the issue of prejudgment interest with instructions to the trial court to enter a judgment accordingly.

Affirmed in part; reversed and remanded in part,

Judges WELLS and PARKER concur.