GRADY LEE BEAVER AND WIFE, NANCY BEAVER v. LARRY P. HAMPTON AND LARRY O. HAMPTON

No. 242PA92

(Filed 12 March 1993)

1. **Appeal and Error § 210 (NCI4th)— notice of appeal—service on attorney for UIM carrier**

    Notice of appeal served on the attorney for plaintiffs' underinsured motorist insurance carrier was sufficient to serve the defendants.

    **Am Jur 2d, Appeal and Error § 320.**

2. **Judgments § 661 (NCI4th)— prejudgment interest—payment of liability insurance into court—award on entire judgment**

    In an action arising from an automobile collision, the trial court erred in failing to award prejudgment interest on the full amount of the judgment of $30,000 and in awarding prejudgment interest only on the $5,000 remaining due on the judgment after defendants' liability carrier paid the policy limit of $25,000 into court before trial.

    **Am Jur 2d, Interest and Usury §§ 16, 17.**

    **Interest on damages for period before judgment for injury to, or detention, loss, or destruction of, property. 36 ALR2d 337.**

BEAVER v. HAMPTON

[333 N.C. 455 (1993)]

3. **Appeal and Error § 447 (NCI4th)— issue not raised in trial court—not within scope of appeal**

The issue of the allocation of liability for prejudgment interest between the liability and underinsured motorist carriers, a question of contract construction, was not properly within the scope of the appeal where this issue was not before the trial court.

**Am Jur 2d, Appeal and Error §§ 702, 709.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 106 N.C. App. 172, 416 S.E.2d 8 (1992), affirming in part and reversing and remanding in part a judgment for plaintiff Grady Beaver entered by Mills, J., in Superior Court, Iredell County. Heard in the Supreme Court 16 February 1993.

*Pressly & Thomas, by Edwin A. Pressly, for plaintiff-appellees.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Richard L. Pinto and Matthew L. Mason, for unnamed defendant-appellant Nationwide Mutual Insurance Company.*

PER CURIAM.

Plaintiff Grady Beaver was awarded damages in the sum of $30,000 for personal injuries sustained in an automobile accident caused by the negligence of defendant Larry P. Hampton while operating a vehicle owned by defendant Larry O. Hampton with the permission of the owner. The trial court allowed defendants' liability carrier to pay $25,000, the limits of defendants' liability policy, into the office of the Clerk of Superior Court, and ordered that the liability carrier was relieved of any further duty to provide a defense for defendants or to pay any additional damages. From the jury award of $30,000 the trial court deducted $25,000, the amount previously paid by defendants' liability carrier. The trial court awarded prejudgment interest only on the remaining $5,000.

The Court of Appeals affirmed in part and reversed and remanded in part. *Beaver v. Hampton*, 106 N.C. App. 172, 416 S.E.2d 8 (1992). On 18 November 1992 we allowed discretionary review. We now review two issues arising from plaintiffs' appeal to the Court of Appeals.

[1]  First, the Court of Appeals denied defendants' motion to dismiss plaintiffs' appeal pursuant to N.C. R. App. P. 3, holding that notice served on the attorney for plaintiffs' underinsured motorist coverage (UIM) carrier was timely and sufficient. On this issue, we affirm the Court of Appeals.

[2]  Second, the Court of Appeals held that the trial court erred in failing to award prejudgment interest on $30,000, the full amount of the judgment. We agree with the Court of Appeals regarding plaintiffs' entitlement to prejudgment interest on the entire judgment, and on that point we also affirm.

[3]  We vacate the portion of that court's decision, however, which remanded the case to the trial court to determine the allocation of liability for prejudgment interest between the liability and UIM carriers. This issue, a question of contract construction, was neither raised by the parties in the pleadings in this tort action nor designated among plaintiff-appellants' assignments of error. As this question was not before the trial court, it was not properly within the scope of the appeal to the Court of Appeals. *See* N.C. R. App. P. 10(a), (b).

Accordingly, the decision of the Court of Appeals holding that notice served on the attorney for plaintiffs' UIM carrier was timely and sufficient, and reversing the judgment of the trial court on the issue of plaintiffs' entitlement to prejudgment interest, is affirmed. The cause is remanded to the Superior Court, Iredell County, with instructions to enter a judgment in accord with that decision. The portion of the opinion of the Court of Appeals remanding the issue of allocation of prejudgment interest is vacated.

AFFIRMED IN PART; VACATED IN PART.

Justice PARKER did not participate in the consideration or decision of this case.