T&T DEVELOPMENT CO., INC. (ALSO KNOWN AS T&T DEVELOPMENT CO.) AND MARSHA HARVEY (FORMERLY KNOWN AS MARSHA H. TAYLOR) v. SOUTHERN NATIONAL BANK OF SOUTH CAROLINA

No. COA96-544.

(Filed 4 March 1997)

1. **Evidence and Witnesses § 671 (NCI4th)— motion in limine—no objection at trial—appeal**

    The evidentiary issues raised in plaintiffs' brief were not properly before the appellate court where plaintiff did not offer any evidence after the trial court allowed the defendant's motion *in limine* and the case was called for trial. Rulings on motions *in limine* are merely preliminary and subject to change during trial, depending upon the actual evidence offered. The issue on appeal is not whether the granting or denying of the motion *in limine* was error, but whether the evidentiary rulings of the court during trial are error.

    **Am Jur 2d, Trial §§ 402, 411-414, 420.**

    **Modern status of rules as to use of motion in limine or similar preliminary motion to secure exclusion of prejudicial evidence or reference to prejudicial matters. 63 ALR3d 311.**

2. **Appeal and Error § 178 (NCI4th)— motion in limine— appeal from—trial court jurisdiction**

    The trial court was not divested of jurisdiction and did not err by calling a case for trial where plaintiffs had given notice of

appeal from the granting of a motion *in limine* for defendants. An appeal from a nonappealable order does not deprive the trial court of jurisdiction to try and determine a case on its merits.

**Am Jur 2d, Appellate Review §§ 421, 432, 694.**

Appeal by plaintiffs from orders entered 8 January 1996 and 19 January 1996 in Brunswick County Superior Court by Judge D. Jack Hooks, Jr. Heard in the Court of Appeals 28 January 1997.

*Moore and Brown, by B. Ervin Brown, II and Martha Marie Eastman, for plaintiff-appellants.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, L.L.P., by Vaiden P. Kendrick, for defendant-appellee.*

GREENE, Judge.

T&T Development Company (T&T) and Marsha Harvey (Harvey) (collectively plaintiffs) appeal from the granting of Southern National Bank of South Carolina's (Bank) motion *in limine* and from an order dismissing their suit for failure to prosecute their claim which sought a declaratory judgment to determine the balance they owed to the Bank.

In 1992 a dispute arose between the Bank and plaintiffs with regard to the balance due on a loan the Bank made to plaintiffs in 1984. On 12 May 1994 plaintiffs filed this action seeking a declaration of their obligation under the 1984 note. That complaint was later amended to include claims for breach of contract, unfair or deceptive acts or practices, negligent misrepresentation, constructive fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. In an order entered on 12 December 1994, Judge James D. Llewellyn determined that the "plaintiff[s] may pay all monies alleged to be owed to the [Bank] under protest and *still retain* a justiciable and triable cause of action of all issues" before the trial court (emphasis added). Judge Llewellyn also concluded as a matter of law that:

> neither the [Bank's] demand for the above amounts nor its acceptance of the aforesaid sums shall be admissible in evidence against the defendant as evidence of any wrongful conduct by the defendant or as evidence of any damages by the plaintiff[s] but may be introduced by the plaintiff[s] as evidence of payment if

the defendant continues to assert any claim for principal and interest under the note referred to in the complaint.

On 8 January 1996, Judge D. Jack Hooks, Jr., granted the Bank's motion *in limine* to exclude evidence of the Bank's "demand and its acceptance of the amount stated in the Court's Order of [12 December 1994] as evidence of either wrongful conduct by the [Bank] or of any damages to the plaintiffs be excluded on the grounds that: (a) the admission of the evidence is precluded by the Court's Order of [12 December 1994]." Immediately after the granting of the motion *in limine* the plaintiffs gave oral notice of appeal. The trial court then called the case for trial and the plaintiffs refused to offer any evidence on the grounds that the trial court was "functus officio." The trial court then granted the Bank's motion to dismiss plaintiffs' claims. On 29 January 1996 plaintiffs gave notice of appeal from the dismissal of their action.

---

The issues are whether: (I) an order granting a party's motion *in limine* is appealable; and (II) the trial judge lacked jurisdiction to dismiss plaintiffs' case for failure to prosecute after plaintiffs filed notice of appeal from the order granting the Bank's motion *in limine*.

I

[1] While the North Carolina Rules of Evidence do not explicitly provide for motions *in limine*, their use in North Carolina is well recognized. *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845-46 (1995). Rulings on these motions, however, are merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial and thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of evidence." *Id.* A party objecting to an order granting or denying a motion *in limine*, in order to preserve the evidentiary issue for appeal, is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted). *Conaway*, 339 N.C. at 521, 453 S.E.2d at 846 (motion denied); *Beaver v. Hampton*, 106 N.C. App. 172, 177, 416 S.E.2d 8, 11 (1992) (motion denied), *modified on other grounds*, 333 N.C. 455, 427 S.E.2d 317 (1993); *Morris v. Bailey*, 86 N.C. App. 378, 383, 358 S.E.2d 120, 123 (1987) (motion allowed). On appeal the issue is not whether the granting or denying of the motion *in limine* was error, as that

issue is not appealable, but instead whether the evidentiary rulings of the trial court, made during the trial, are error.

In this case after the trial court allowed the Bank's motion *in limine* and the case was called for trial, plaintiffs did not offer any evidence. The evidentiary issues, raised in plaintiffs' brief, are therefore not properly before this court and will not be addressed.

[2] Plaintiffs argue that their notice of appeal from the granting of the Bank's motion *in limine* divested the trial court of all jurisdiction and that the court thus had no authority to call the case for trial. It follows, plaintiffs contend, that the order dismissing their claims for failure to prosecute was error. We disagree.

Although an appeal generally divests the trial court of jurisdiction, an appeal from a nonappealable order does not deprive the trial court of jurisdiction to try and determine a case on its merits. *See Veazey v. City of Durham*, 231 N.C. 354, 364, 57 S.E.2d 375, 383 (1950). In this case because plaintiffs had no right to appeal the granting of the motion *in limine*, the trial court was not deprived of jurisdiction and did not err in calling the case for trial and dismissing it when plaintiffs failed to offer any evidence. *See* N.C.G.S. § 1A-1, Rule 41(b) (1990) (allowing dismissal of action for failure to prosecute).

Affirmed.

Judges EAGLES and MARTIN, John C., concur.