JANNETT J. MARTIN AND RICHARD W. MARTIN v. JOHN MICHAEL BENSON AND INDUSTRIAL ELECTRIC, INC.

No. 119A97

(Filed 9 July 1998)

**Evidence and Witnesses § 671 (NCI4th)— motion in limine— failure to object at trial—admissibility question not preserved**

Plaintiffs' motion *in limine* was insufficient to preserve for appeal the question of the admissibility of a neuropsychologist's testimony where they failed to further object to that testimony when it was offered at trial.

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 125 N.C. App. 330, 481 S.E.2d 292 (1997), finding error in the trial that resulted in a judgment for plaintiff Jannett Martin in the amount of $50,000 entered 13 June 1995 by Albright, J., in Superior Court, Guilford County, and ordering a new trial. Heard in the Supreme Court 16 October 1997.

*Mary K. Nicholson and Joseph A. Williams for plaintiff-appellees.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for defendant-appellants.*

*Tharrington Smith, L.L.P., by Michael Crowell, on behalf of the American Psychological Association, the North Carolina Psychological Association, and the National Academy of Neuropsychology, amici curiae.*

*Bailey, Patterson, Caddell, Hart & Bailey, P.A., by Allen A. Bailey, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

PER CURIAM.

Defendants appeal a decision of the Court of Appeals reversing the trial court in a personal injury case and awarding a new trial to the plaintiffs based on the trial court's decision to allow a neuropsychologist to testify regarding the medical causation of plaintiff Jannett Martin's (herein plaintiff) impairments.

On 28 November 1990, a truck driven by defendant John Michael Benson and owned by defendant Industrial Electric, Inc., crossed the

median and collided with an automobile driven by plaintiff. The parties entered into stipulations that defendants' negligence caused the collision and that the amount of plaintiff's medical bills was $100,041.22.

On 27 March 1995, two weeks before the trial began, defendants moved to have plaintiff examined by Dr. Elizabeth Gamboa, a neuropsychologist, for the purpose of updating information on plaintiff's condition. The motion was allowed. Plaintiffs thereafter filed a motion *in limine* to exclude Dr. Gamboa's report and testimony. The trial court denied the motion and permitted Dr. Gamboa to testify. At trial the parties presented numerous expert and lay witnesses as to the proximate causation of plaintiff's injuries and plaintiff's damages. Plaintiffs presented testimony from Dr. James U. Adelman, a specialist in neurology, and from Dr. Gary Hoover, a psychologist. When Dr. Gamboa testified for defendant, plaintiffs did not object to her testimony. The jury found that defendants' negligence was the proximate cause of plaintiff's injuries and awarded her $50,000 in damages.

On appeal to the Court of Appeals, plaintiffs contended that the trial court erred in denying plaintiffs' motion *in limine* and allowing Dr. Gamboa to testify. The Court of Appeals agreed.

The rule is that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the [movant] fails to further object to that evidence at the time it is offered at trial." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845-46, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995); *see also State v. Warren*, 347 N.C. 309, 318, 492 S.E.2d 609, 613 (1997), *cert. denied*, —— U.S. ——, 140 L. Ed. 2d 818 (1998); *State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997), *cert. denied*, —— U.S. ——, 140 L. Ed. 2d 1099 (1998); *State v. Wilson*, 289 N.C. 531, 537, 223 S.E.2d 311, 315 (1976); *T&T Dev. Co. v. Southern Nat'l Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. rev. denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). Thus, by failing to object at trial, plaintiffs have waived their right to appellate review of the admission of Dr. Gamboa's testimony.

Accordingly, we reverse the opinion below and remand to the Court of Appeals for consideration of plaintiffs' remaining assignment of error.

REVERSED AND REMANDED.