ALFRED LEE PACK, Plaintiff v. RANDOLPH OIL COMPANY, JANIE L. THORNBURG, FLOYD S. PIKE ELECTRICAL CONTRACTOR, INCORPORATED, and AUDIE G. SIMMONS, Defendants

No. COA97-1209

(Filed 21 July 1998)

**Trials— law of the case—remanded**

The trial court should have allowed defendants' motion in limine seeking to preclude presentation of evidence relating to credit card use where Pack filed a complaint alleging defamation in that defendants had falsely accused him of taking kickbacks and had falsely accused him of charging personal items to his employer's credit card; the trial court granted defendants' motion for directed verdict with respect to the credit card claim at the end of Pack's evidence; the kickbacks claim was submitted to the jury and the jury returned a verdict for Pack; the trial court set aside that verdict and granted a new trial, and that order was affirmed on appeal; defendants filed a motion in limine to preclude evidence of the credit card claim in that the directed verdict during the first trial was the law of the case; and the court denied the motion. The directed verdict in the first trial was a final judgment on the merits from which Pack did not appeal and the judgment thus became the law of the case on that claim, so

PACK v. RANDOLPH OIL CO.

[130 N.C. App. 335 (1998)]

that the trial court should have allowed defendants' motion in limine seeking to preclude the credit card evidence. The failure of defendants to object at trial to that evidence is not fatal because no objection is necessary when the trial court explicitly denies a party's motion in limine after a thorough hearing, when there is no suggestion that the trial court would reconsider its ruling, and when the evidence presented at trial is directly related to the issues raised in the motion in limine. The broad language of the order directing a "new trial" did not mandate a new trial with respect to the issues addressed in the directed verdict, which were not before the trial court at the time the new trial motion was addressed.

Appeal by defendants appellants Floyd S. Pike Electrical Contractor, Incorporated and Audie G. Simmons from judgment filed 20 February 1997 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 3 June 1998.

*Barron & Berry, L.L.P., by Vance Barron, Jr. for plaintiff appellee.*

*Smith Helms Mulliss & Moore, L.L.P., by J. Donald Cowan, Jr. and John J. Korzen, for defendants appellants Floyd S. Pike Electrical Contractor, Incorporated and Audie G. Simmons.*

GREENE, Judge.

Floyd S. Pike Electrical Contractor, Incorporated (Pike) and Audie G. Simmons (Simmons) (collectively, defendants) appeal from the final judgment filed on 20 February 1997 in the Superior Court of Guilford County pursuant to a jury verdict.[1]

The relevant facts are as follows: In March of 1992 Alfred Lee Pack (Pack), an employee of Pike, filed a complaint alleging that the defendants had defamed him in that they: (1) had falsely accused him of "taking kickbacks"; and (2) had falsely accused him of charging personal items to Pike's credit card. This case came on for trial and at the end of Pack's evidence the trial court granted the defendants' directed verdict motion with respect to the defamation claim based on the use of the credit card. Pack's defamation claim based on "kickbacks" was submitted to the jury and the jury returned a verdict for Pack. The trial court, however, set aside that verdict and granted the

_____

1. Although the judgment rendered by the trial court was also against Randolph Oil Company and Janie L. Thornburg, those parties did not appeal the judgment.

defendants a new trial. In its order granting the new trial, the trial court concluded that a new trial was proper because: (1) "the jury manifestly disregarded the instructions of the court"; (2) "excessive damages were awarded"; and (3) "the evidence is insufficient to justify the verdict . . . [because] the evidence at trial does not show by a preponderance of the evidence that defendants . . . made any slanderous statement . . . regarding kickbacks." On appeal to this Court, we affirmed the granting of the new trial and remanded the case "for a new trial as to all parties." Pack did not appeal the granting of the directed verdict and that issue was not addressed by this Court on appeal.

On remand the trial court set the case for retrial. Prior to trial the defendants filed a motion *in limine* requesting that the trial court enter an order precluding Pack from presenting any evidence at trial regarding the defamation claim based on the use of the credit card. The basis for the motion was that the directed verdict, which had been entered on this claim during the first trial, was the law of the case and that Pack was therefore precluded from again proceeding on this claim. At the hearing, the defendants presented the portions of the transcript of the first trial where that trial court had entered a directed verdict on the defamation claim based on Pack's use of the credit card.

After a lengthy dialogue between the attorneys for Pack, attorneys for the defendants, and the trial court with respect to the relevant law, the trial court denied the motion. At the trial, Pack presented his evidence of alleged defamation based on the use of the credit card and "kickbacks." The defendants did not object to the credit card evidence. A directed verdict for the defendants was granted on the claim based on "kickbacks." The jury returned a verdict for Pack against the defendants, on the credit card issue.

---

The dispositive issue is whether the entry of a directed verdict on one of two claims, where a jury verdict on the second claim favorable to the plaintiff is set aside and a new trial ordered, constitutes the law of the case for purposes of the second trial.

The grant of the directed verdict in the first trial was a final judgment on the merits. *Taylor v. Electric Membership Corp.*, 17 N.C. App. 143, 145, 193 S.E.2d 402, 404 (1972). Pack did not appeal from that judgment and that judgment thus became the law of the case on that claim and is "binding upon the court in the second trial." *Duffer*

*v. Dodge, Inc.*, 51 N.C. App. 129, 130, 275 S.E.2d 206, 207 (1981); *Sutton v. Quinerly; Sutton v. Craddock; Sutton v. Fields*, 231 N.C. 669, 677, 58 S.E.2d 709, 714 (1950) (the law of the case doctrine is the "little brother" of res judicata); 18 James W. Moore et al., *Moore's Federal Practice* § 134.20[1] (3d ed. 1997) (law of the case doctrine is "similar" to collateral estoppel "in that it limits relitigation of an issue once it has been decided"). Because the directed verdict dismissed Pack's defamation claim based on the credit card use, Pack was precluded from proceeding with that claim in the second trial. Thus, the trial court should have allowed the defendants' motion *in limine* seeking to preclude the presentation of evidence relating to the credit card use.

The failure of the defendants to object, at trial, to the evidence offered in support of the credit card defamation claim is not fatal. As a general rule, a party is required to object to evidence at trial in order to preserve his right to raise the issue on appeal. *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 349, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). No objection at trial is necessary, however, when the trial court explicitly denies a party's motion *in limine* after a thorough hearing, there is no suggestion that the trial court would reconsider its ruling, and the evidence presented at trial is directly related to the issues raised in the motion *in limine. State v. Hayes*, 130 N.C. App. 154, 170-71, 502 S.E.2d 853, —— (1998). In this case, there was a definitive ruling by the trial court after a thorough hearing, there was no indication by the trial court that it would reconsider its ruling, and the evidence actually presented at trial was in support of the very claim that the defendants argued was barred; therefore no objection was necessary to preserve this issue for appeal.

In so holding, we reject the contention of Pack that the directed verdict entered in the first case is not binding on the second trial court because the order for a new trial granted by the first trial court and affirmed by this Court mandated a new trial on all issues raised in the first trial. Pack specifically argues: "Once a verdict is set aside and a new trial is ordered, all prior rulings by the trial court are vacated as a matter of law and the matter is placed on the docket for a trial *de novo*." The only issue before the trial court, at the time the motion for a new trial was made, was whether the jury verdict on the defamation claim based on "kickbacks" should be set aside. Thus, we do not read the broad language of the order directing a "new trial" as mandating a new trial with respect to the issues addressed in the

**PACK v. RANDOLPH OIL CO.**

[130 N.C. App. 335 (1998)]

directed verdict, a matter not before the trial court at the time the new trial motion was addressed.[2]

Reversed.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.

---

2. Assuming, without deciding, that the trial court would, in granting a new trial, have the authority to vacate all prior rulings, the order must be specific and we will not presume that such was intended.