TIMOTHY MARK HEATHERLY, Executor of the Estate of FRED W. HEATHERLY, Deceased, Plaintiff v. INDUSTRIAL HEALTH COUNCIL, and ALLAN R. GOLDSTEIN, M.D., Defendants

No. COA97-464

(Filed 1 September 1998)

**1. Appeal and Error— denial of motion in limine—admissibility of evidence—preservation of issue for appeal—objection at trial**

Plaintiff failed to preserve for appeal the question of the admission in this medical malpractice action of evidence by defendants tending to show omissions of a nonparty where the trial court had denied plaintiff's motion in limine to exclude such evidence, and defendant failed to object to this evidence at the time it was offered at trial despite the trial court's invitation to do so; and the record reflects that the trial court considered its in limine ruling as tentative and subject to modification as presentation of the evidence progressed.

**2. Evidence— omissions of nonparty—opening door to testimony**

In a wrongful death action against defendant IHC and its medical director based upon alleged negligence by the director in certifying, pursuant to the dusty trades program, that decedent's chest x-ray was within normal limits, plaintiff executor opened the door to testimony by a manager of decedent's former employer about the employer's failure to obtain repeat x-rays on the decedent after being requested to do so by a doctor in the DEHNR when he introduced deposition testimony by the DEHNR doctor concerning his request to the former employer for a repeat x-ray of decedent and testimony by another witness concerning the manager's role in the former employer's x-ray screening program. Defendants were entitled to introduce evidence in explanation that decedent's former employer, rather than defendants, had knowledge of the DEHNR doctor's request for repeat x-rays of decedent and failed to respond thereto.

**3. Appeal and Error— refusal to prohibit argument—arguments not in record on appeal—question not presented for appeal**

The appellate court was precluded from addressing plaintiff's contention that the trial court erred by refusing to prohibit

HEATHERLY v. INDUSTRIAL HEALTH COUNCIL

[130 N.C. App. 616 (1998)]

defendants from arguing intervening negligence to the jury where the closing arguments were not transcribed in the record on appeal.

**4. Medical   Malpractice—   standard   of   care—improper question**

The trial court in a medical malpractice case did not err in excluding a medical expert's response regarding the applicable standard of care where the question eliciting this response was directed to the witness's familiarity with the standard of care applicable to himself rather than to defendant physician.

Appeal by plaintiff from judgment entered by Judge Ronald K. Payne on 11 September 1996. Heard in the Court of Appeals 4 December 1997.

*Lindsay & Hensley, by John C. Hensley, Jr., for plaintiff-appellant.*

*Roberts & Stevens, P.A., by James W. Williams, for defendant-appellee Allan R. Goldstein, M.D.*

*Dameron and Burgin, by Charles E. Burgin, for defendant-appellee Industrial Health Council.*

JOHN, Judge.

Plaintiff appeals judgment entered upon adverse jury verdict in this wrongful death action. Plaintiff contends the trial court erred by: (1) denying his motion *in limine* and allowing defendants to offer evidence tending to show omissions of a non-party, (2) allowing the testimony of Carl Metzger (Metzger), a manager at Vulcan Materials Company (Vulcan), the former employer of plaintiff's decedent Fred W. Heatherly (decedent), (3) refusing to prohibit defendants from arguing intervening negligence and (4) excluding the testimony of Dr. H.F. Easom (Dr. Easom) regarding the applicable standard of care. We conclude the trial court did not err.

Relevant facts and procedural history include the following: Decedent was employed as a heavy duty equipment mechanic by Vulcan at its Enka, North Carolina quarry. In order to maintain employment, decedent was required to possess a current "dusty trades work card." Pursuant to N.C.G.S. § 97-60 (1991), such cards are issued biannually based upon results of periodic medical examinations, including chest x-rays, provided by the holder's employer

under the auspices of the North Carolina Department of Environment, Health and Natural Resources (DEHNR) Dusty Trades Program. Defendant Industrial Health Council (IHC) performed the required periodic examinations and testing for decedent and approximately four hundred other Vulcan employees in North Carolina.

On 17 April 1992, IHC's portable x-ray lab traveled to Enka to administer medical examinations to a group of Vulcan employees, including decedent. In the course of decedent's exam, an x-ray of his chest was taken and thereafter transported to IHC offices in Birmingham, Alabama for evaluation by defendant Dr. Allan R. Goldstein (Dr. Goldstein), IHC's medical director.

On 20 April 1992, Dr. Goldstein examined decedent's chest x-ray and found it to be within normal limits, revealing no abnormality. Dr. Goldstein noted his findings in a signed written report dated 22 June 1992. IHC mailed copies of the report to decedent and his personal physician, as well as to DEHNR.

Upon receipt by DEHNR, decedent's chest x-ray was reviewed in July 1992 by Dr. Easom of the Occupational Health Section, Division of Epidemiology. Dr. Easom noted the x-ray showed a "[p]oorly outlined round shadow rt. base—not seen 1990 film." DEHNR consequently forwarded written notification to Metzger, manager of safety and health for Vulcan, to obtain repeat x-rays of decedent's chest. However, no additional x-rays were taken and decedent learned of the request only in December 1992, when Dr. Easom's administrative assistant mailed an additional notice.

X-rays were thereafter obtained of decedent and revealed a mass on his right lung subsequently diagnosed as large cell carcinoma. Decedent died 14 November 1993 as the result of metastatic lung cancer.

Plaintiff instituted the instant action 7 March 1994, alleging decedent's death was proximately caused by the medical malpractice of Dr. Goldstein, whose actions were imputed to his employer IHC. Following denial of his motion to dismiss for lack of personal jurisdiction, Dr. Goldstein filed answer 24 March 1995, setting forth as a defense the intervening negligence of Vulcan and Metzger. IHC's motion for summary judgment was denied immediately prior to trial.

At trial, the jury answered the issue of Dr. Goldstein's negligence in the negative. The trial court accordingly entered judgment in favor

of defendants 11 September 1996, and plaintiff filed timely notice of appeal.

**[1]** Plaintiff first assigns as error the trial court's denial of his motion *in limine* which requested that the trial court

> [p]rohibit[] the defendants . . . from arguing or suggesting to the jury in any manner that the actions or inactions of Vulcan . . . in any way contributed to [decedent's] injuries and/or death or in any way lessons [sic] or relieves defendants' liability to the Plaintiff on account of their negligence.

Plaintiff contends the trial court erred by

> allowing the defendants to offer evidence that Vulcan . . . had failed to obtain repeat chest x-rays on the decedent because such omissions of a nonparty, as a matter of law did not constitute intervening negligence and were otherwise irrelevant to the issues presented.

Plaintiff's argument is unpersuasive.

In a related assignment of error, plaintiff argues the trial court committed reversible error in allowing Metzger's testimony. Characterizing it as the "most direct evidence on Vulcan's failure to obtain repeat chest x-rays on the decedent," plaintiff maintains the evidence was irrelevant or, alternatively, that the dangers of prejudice, confusion of issues, or misleading the jury substantially outweighed its probative value. We remain unpersuaded.

A motion *in limine* seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial," and is recognized in both civil and criminal trials. *State v. Tate*, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, *rev'd on other grounds*, 300 N.C. 180, 265 S.E.2d 223 (1980). The trial court has wide discretion in making this advance ruling and will not be reversed absent an abuse of discretion. *Webster v. Powell*, 98 N.C. App. 432, 439, 391 S.E.2d 204, 208 (1990), *aff'd*, 328 N.C. 88, 399 S.E.2d 113 (1991). Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion *in limine* is subject to modification during the course of the trial. *State v. Swann III*, 322 N.C. 666, 686, 370 S.E.2d 533, 545 (1988).

Preliminarily, we note that while two recent simultaneous opinions of this Court may appear to state a new and different rule regard-

ing preservation of the right to challenge on appeal the trial court's denial of a motion *in limine, see Pack v. Randolph Oil Co.* 130 N.C. App. 335, —— S.E.2d —— (1998) (no objection to introduction of evidence at trial required to preserve denial of motion *in limine* for appeal), and *State v. Hayes,* 130 N.C. App. 154, —— S.E.2d —— (1998) (objection to denial of motion *in limine* sufficient "to preserve [for appeal] the evidentiary issues which were the subject" of the motion), we believe the existing rule is well established.

Decisions of the North Carolina Supreme Court and this Court have repeatedly held that:

> "a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence." "Rulings on these motions . . . are merely preliminary and subject to change during the course of the trial, depending upon the actual evidence offered at trial and thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of the evidence.'" "A party objecting to an order granting or denying a motion *in limine,* in order to preserve the evidentiary issue for appeal, is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted)."

*State v. Hill,* 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997), *cert. denied,* —— U.S. ——, 140 L. Ed. 2d 1099 (1998) (citations omitted); *see also State v. Warren,* 347 N.C. 309, 318, 492 S.E.2d 609, 613 (1997), *cert. denied,* —— U.S. ——, 140 L. Ed. 2d 818 (1998); *State v. Williams,* 127 N.C. App. 464, 468, 490 S.E.2d 583, 586 (1997) (ruling of trial court on evidentiary matter constitutes issue on appeal, not ruling on motion *in limine* which is not appealable); *T & T Development Company, Inc. v. Southern National Bank of South Carolina,* 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. review denied,* 346 N.C. 185, 486 S.E.2d 219 (1997) (ruling on motion *in limine* "preliminary" and objection to order granting or denying motion insufficient to preserve evidentiary issue for appeal); *Hartford Underwriters Insurance Company v. Becks,* 123 N.C. App. 489, 494-95, 473 S.E.2d 427, 430-31 (1996), *cert. denied and disc. review denied,* 345 N.C. 641, 483 S.E.2d 708 (1997) (to preserve for appeal evidentiary matter underlying motion *in limine,* general objection at least must be interposed to introduction of evidence at trial); *State v. Conaway,* 339 N.C. 487, 521, 453 S.E.2d 824, 845-46, *cert. denied,* 516 U.S. 884,

133 L. Ed. 2d 153 (1995); and *Beaver v. Hampton*, 106 N.C. App. 172, 176-77, 416 S.E.2d 8, 11, *disc. review allowed*, 332 N.C. 664, 424 S.E.2d 398 (1992), *aff'd in part on other grounds and vacated in part on other grounds*, 333 N.C. 455, 427 S.E.2d 317 (1993).

Most recently, the North Carolina Supreme Court reiterated the long-standing rule:

> "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the [movant] fails to further object to the evidence at the time it is offered at trial."

*Martin v. Bensen*, 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998) (quoting *Conaway*, 339 N.C. at 521, 453 S.E.2d at 845-46).

Without question, this Court is required to follow decisions of our Supreme Court until the Supreme Court orders otherwise. *See Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993). Similarly, where one panel of this Court has decided an issue, a subsequent panel is bound by that precedent, albeit in a different case, unless it has been overturned by a higher court. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 33 (1989). In view of these principles, we believe we are bound by the long line of decisions from our Supreme Court and this Court precluding consideration on appeal of a trial court's ruling on a motion *in limine* absent objection to introduction of the challenged evidence at trial. *See Cissell v. Glover Landscape Supply, Inc.*, 126 N.C. App. 667, 670, 486 S.E.2d 472, 473-74, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997), *rev'd on other grounds*, 348 N.C. 67, 497 S.E.2d 283 (1998) (Court "declines to follow" opinion "inconsistent with prior decisions of this Court and our Supreme Court").

The evidence at trial of Vulcan's failure to obtain additional chest x-rays of decedent essentially came from two witnesses, Dr. Easom, whose videotaped deposition was introduced by plaintiff, and Metzger, called as a witness by IHC.

On direct examination by plaintiff's counsel, Dr. Easom described his review of decedent's 17 April 1992 x-ray, noted his observation of "a poorly outlined round shadow in the base of the right lung," characterized the shadow as an "important" abnormality, and testified that he entered into his report the statement, "[r]equest for PA and right lateral films now," indicating that "now" denoted a sense of urgency and that he "was in a hurry to find out what this was." During cross-examination, Dr. Easom explained that he "didn't know what

the shadow was," and that his administrative assistant sent a letter on 20 July 1992 to Vulcan requesting a repeat x-ray of decedent. A second letter was sent on 17 December 1992 upon receiving no response to the first.

Plaintiff also called Julian McLellan, Vulcan's plant manager at Enka, as a witness. He reviewed in detail his role in coordinating the dusty trades medical screening program. He also explained Metzger's role in the program as Vulcan's manager of safety and health.

In his testimony, Metzger acknowledged receipt, in his capacity as a Vulcan manager, of the 20 July 1992 letter from Dr. Easom. Metzger conceded he placed the letter on the side of his desk and did not order a repeat x-ray for decedent until the 17 December 1992 communication from Dr. Easom's office. Plaintiff's objections to Metzger's statements were overruled by the trial court.

However, while plaintiff entered objections to the challenged cross-examination of Dr. Easom during deposition, he did not renew those objections at trial. Moreover, prior to the jury's viewing of Dr. Easom's videotaped deposition, the trial court conducted a comprehensive review of the parties' objections thereto. Indeed, the discussion between the court and counsel concerning the deposition fills more than twenty pages of transcript. At the conclusion thereof is reflected the following exchange:

THE COURT: All right, [counsel for plaintiff], you made several objections during your cross, do you wish for me to address any of those at this time?

[COUNSEL FOR PLAINTIFF]: I don't . . . I don't see any, Your Honor, that . . .

THE COURT: Is [*sic.*] there any other objections we'd need to take up before we bring the jury in?

[COUNSEL FOR DEFENDANTS]: No.

The record indicates no response from plaintiff's counsel to the court's additional inquiry.

Based on the foregoing, we hold plaintiff failed to preserve his objection to introduction at trial of the cross-examination of Dr. Easom at issue. *See* N.C.R. App. P. 10(b)(1) (to preserve question for appellate review, party "must have presented to the trial court a timely . . . objection . . . stating the specific grounds for the ruling the party desired"; complaining party must also obtain a ruling on the

objection); *see also Swann III*, 322 N.C. at 686, 370 S.E.2d at 545 (motion *in limine* ruling interlocutory and subject to change at trial), and *Hill*, 347 N.C. at 293, 493 S.E.2d at 274 (to preserve evidentiary issue raised by motion *in limine* for appeal, party must object to introduction of the evidence at trial). Likewise, plaintiff waived his objection to the presentation of Dr. Easom's cross-examination. *See Curry v. Baker*, 130 N.C. App. 182, 502 S.E.2d 667 (1998) (failure to object to introduction of evidence is waiver of right to do so, and admission of evidence, even if incompetent, is not proper basis for appeal).

We note that the apparent rule change in *Pack* and *Hayes* came well after trial of the case *sub judice*, so plaintiff could in no wise have been prejudiced by any language therein. Moreover, the statements in *Pack* and *Hayes* regarding preservation of *in limine* orders for appellate review limit application thereof to instances wherein, *inter alia*, "there is no suggestion that the trial court would reconsider" the matter at trial. *Pack*, 130 N.C. App. at 338, 502 S.E.2d at 679. Suffice it to state that, in addition to the trial court's invitation to counsel to contest introduction of the evidence noted above, the record reflects multiple indications the trial court properly viewed its *in limine* ruling as preliminary, tentative and subject to modification as presentation of the evidence progressed. *See Swann III*, 322 N.C. at 686, 370 S.E.2d at 545, *Hill*, 347 N.C. at 293, 493 S.E.2d at 274, and *T & T Development Company, Inc.*, 125 N.C. App. at 602, 481 S.E.2d at 348-49.

[2] Assuming *arguendo* plaintiff properly preserved his objection to the testimony of Dr. Easom, defendants also maintain plaintiff opened the door to the testimony of both Dr. Easom and of Metzgar. Defendants' argument is valid.

The law is well-settled that

[w]here one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially.

*State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981).

Plaintiff argues that by the time Metzger was called to testify, it should have been clear to the trial court that Vulcan's lack of intervention was irrelevant to the case and that Metzgar's testimony should thus have been excluded. As an aside, we note with interest

that plaintiff's argument appears to concede that the trial court considered its ruling on plaintiff's motion *in limine* to have been preliminary and subject to modification as the evidence progressed. *See Swann III*, 322 N.C. at 686, 370 S.E.2d at 545, *Hill*, 347 N.C. at 293, 493 S.E.2d at 274, and *T & T Development Company, Inc.*, 125 N.C. App. at 602, 481 S.E.2d at 348-49.

In any event, plaintiff opened the door to Metzger's statements by his prior presentation, without objection, of the videotaped cross-examination contained within Dr. Easom's deposition and of the testimony of Julian McLellan concerning Metzger's role in the x-ray screening program at Vulcan. The jury learned of Dr. Easom's sense of urgency in July 1992, and defendants were entitled "to introduce evidence in explanation," *Albert*, 303 N.C. at 177, 277 S.E.2d at 441, that Vulcan, rather than defendants, had knowledge of Dr. Easom's request for repeat x-rays of decedent and failed to respond thereto.

Moreover, assuming *arguendo* Metzger's testimony was erroneously admitted, plaintiff has waived any appellate challenge thereto. Plaintiff failed to show prejudice in that Metzger's testimony merely corroborated that given earlier by Dr. Easom without objection to the effect that Vulcan failed to respond to his first notification. *See State v. Jennings*, 333 N.C. 579, 610, 430 S.E.2d 188, 203, *cert. denied*, 510 U.S. 1028, 126 L. Ed. 2d 602 (1993) (citation omitted) (under rule of waiver, "assuming timely objections to [introduction of] evidence, . . . benefit of these objections [lost] because similar evidence was theretofore and thereafter admitted without objection"); *see also Clark v. Perry*, 114 N.C. App. 297, 319, 442 S.E.2d 57, 69 (1994) (party asserting error "must show from record not only that the trial court committed error, but that aggrieved party was prejudiced as a result"). In short, plaintiff's first and second assignments of error are unfounded.

[3] With his third assignment of error, plaintiff insists the trial court committed reversible error by refusing to prohibit defendants from arguing intervening negligence to the jury. However, the closing arguments of counsel are not transcribed in the record before this Court, and we are thereby precluded from addressing plaintiff's contention. *See* N.C.R. App. P. 9(a) ("[i]n appeals . . . review is solely upon the record on appeal and the verbatim transcript of the proceedings"); *see also State v. Moore*, 75 N.C. App. 543, 548, 331 S.E.2d 251, 254, *disc. review denied*, 315 N.C. 188, 337 S.E.2d 862 (1985) ("[a]n appellate court cannot assume or speculate that there was prejudicial error when none appears on the record before it").

**[4]** Finally, plaintiff argues the trial court erred by excluding Dr. Easom's testimony addressing Dr. Goldstein's breach of the applicable standard of care. We disagree.

At his videotaped deposition, Dr. Easom was asked whether he had an opinion to a reasonable degree of medical certainty "whether a physician with training and experience similar to yours" would have interpreted decedent's 22 July 1992 chest x-ray as being within normal limits. Dr. Goldstein's objection to the form of the question was sustained at trial.

As a general rule, testimony of a qualified expert is required to establish the standard of care and breach thereof in medical malpractice cases. *Clark*, 114 N.C. App. at 306, 442 S.E.2d at 62. The plaintiff bears the burden of proof to establish the standard of care required of practitioners in the defendant health care provider's field of practice. *Whitehurst v. Boehm*, 41 N.C. App. 670, 673, 255 S.E.2d 761, 765 (1979).

Such testimony is governed by N.C.G.S. § 90-21.12 (1997) which provides in pertinent part

the defendant shall not be liable . . . unless the trier of the facts is satisfied by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice *among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action.*

G.S. § 90-21.12 (emphasis added).

The standard of care must be established by other practitioners in the particular field of practice of the defendant heath care provider or by other expert witnesses equally familiar and competent to testify as to that limited field of practice. *Lowery v. Newton*, 52 N.C. App. 234, 239, 278 S.E.2d 566, 571, *disc. review denied*, 303 N.C. 711, —— S.E.2d —— (1981); *see also Whitehurst*, 41 N.C. App. at 677, 255 S.E.2d at 767(standard of care required of podiatrist cannot be established by orthopedic surgeon, but only by testimony of other podiatrist or one equally familiar with that field of practice).

While we agree "the phrasing of the questions used to elicit the standard of care need not follow G.S. § 90-21.12 verbatim," *Tucker v. Meis*, 127 N.C. App. 197, 198, 487 S.E.2d 827, 829 (1997), a review of

HODGKINS v. N.C. REAL ESTATE COMM'N

[130 N.C. App. 626 (1998)]

the record reveals plaintiff failed to establish Dr. Easom was familiar with the standard of care for a physician board certified in the fields of internal medicine and pulmonary diseases practicing in Birmingham, Alabama during the relevant time period. Rather, plaintiff inquired if Dr. Easom was

> familiar with the standards of practice existing in the spring and summer of 1992 among medical doctors with training and experience similar to yours who read and interpreted chest x-rays files as a part of a medical screening program.

The question thus was directed at Dr. Easom's familiarity with the standard of care applicable to *him*, not to *Dr. Goldstein*. The trial court therefore did not err in excluding Dr. Easom's responses regarding the standard of care applicable to Dr. Goldstein.

Plaintiff cites *Lowery* in asserting the trial court "plac[ed] form over substance" in rejecting Dr. Easom's testimony. In *Lowery*, this Court held substitution of "under the same or similar circumstances" in lieu of "with similar training and experiences" in establishing the standard of care constituted harmless technical error. *Lowery*, 52 N.C. App. at 238, 278 S.E.2d at 570. However, the case *sub judice* is readily distinguishable in that the "form" of plaintiff's question to Dr. Easom failed to make inquiry as to the "substance" of his familiarity with the standard of care applicable to Dr. Goldstein.

No error.

Judges MARTIN, John C. and SMITH concur.