STATE OF NORTH CAROLINA v. GEORGE E. BURNETT AND RAYMOND
EARL SANDERS

No. 7810SC833

(Filed 6 February 1979)

1. **Criminal Law § 34.5— purchase of stolen property by undercover agent— other dealings with defendants—competency to show identity**

   In this prosecution for breaking and entering a motor vehicle and larceny, an officer's testimony that he had worked in an undercover capacity buying and selling property and returning it to its rightful owners and that he had seen and talked to one defendant sixteen times and to the second defendant thirteen times during that period, if evidence of prior crimes, was nonetheless admissible to develop properly the evidence with regard to a telephone call the officer received from defendants in connection with the crimes charged and to identify defendants as the persons with whom the officer had dealt and the circumstances under which he purchased the stolen property in question from defendants.

2. **Criminal Law § 74— statement by unidentified defendant—harmless error**

   In this prosecution of two defendants for breaking and entering a motor vehicle and larceny of photography equipment therefrom, the admission of an undercover agent's testimony that one of the defendants told him that they had some camera equipment and asked him how much he would give for it, if erroneous because defendant could not remember which defendant made the statement, was harmless where each defendant admitted participating in the sale of the camera equipment to the agent and contended that it had been purchased from another and resold to the agent, since the identity of the defendant who made the statement was therefore irrelevant.

3. **Criminal Law § 48— absence of Miranda warnings—silence of defendant—use for impeachment**

   Where a defendant who had not been advised of his *Miranda* rights and who, therefore, had received no implicit assurance that his silence would not be used against him waited until he took the witness stand in his defense to reveal the identity of the allegedly true perpetrator of the crimes with which defendant was charged, the prosecutor could cross-examine defendant with regard to his prior silence as to the identity of the alleged perpetrator.

APPEAL by defendants from *Brewer, Judge.* Judgments entered 23 May 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 10 January 1979.

The defendants were each charged with breaking or entering a motor vehicle and felonious larceny. Upon their pleas of not guilty to all charges, the jury returned verdicts of guilty as charged. From judgments sentencing each defendant to imprisonment

for a term of five years for breaking or entering a motor vehicle and ten years for felonious larceny with the sentences to run consecutively, the defendants appealed.

The State's evidence tended to show that on Friday, 24 February 1978, Ollie Benjamin Garris, Jr., had several items of photography equipment in his car. That evening he drove to the parking lot of a restaurant, locked the doors of the car and left it parked while he ate dinner. Upon returning to his car, he drove it to his home and parked next to his house. Garris had not used the car at any other time during that weekend. The following Monday morning Garris discovered his photography equipment missing.

John P. Rowland was working in an undercover capacity for the Wake County Sheriff's Department on 25 February 1978. At approximately 10:00 a.m. on that date, Rowland received a telephone call from the defendant Raymond Earl Sanders. Although Sanders did not specifically mention anyone's name other than his own, he told Rowland during the conversation that "they had some stuff" for him. Rowland went to an apartment building in which both Sanders and the defendant George Burnett lived at approximately 1:00 p.m. that day. Both defendants were in the front yard of the apartment when he arrived and after a brief conversation the three men went into Sander's apartment. The defendants offered to sell Rowland some photography equipment which he purchased at that time. Garris later identified the equipment Rowland had purchased as the same equipment which had been stolen from his car.

The defendants presented evidence tending to show that the defendant Sanders was contacted by a man known as Ike on 24 February 1978. Ike offered to sell Sanders some photography equipment at that time, but Sanders did not have enough money to make the purchase himself and asked Burnett to help him pay for the equipment. The two defendants bought the equipment and sold it to Rowland the following day.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Fred M. Morelock for the defendant appellant.*

MITCHELL, Judge.

[1] The defendants first assign as error the trial court's admission of Deputy Rowland's testimony concerning a series of meetings he had with the defendants prior to 25 February 1978. Deputy Rowland testified that he was working in an undercover capacity buying property and returning it to its rightful owners on and prior to 25 February 1978. He additionally testified that he had seen Burnett sixteen times between 19 December 1977 and 25 February 1978 and that he had seen Sanders thirteen times during the same period. The defendants contend that this testimony was inadmissible evidence of prior crimes. We do not agree.

Evidence that a defendant has committed a criminal offense other than that for which he is being tried is generally inadmissible. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). However, if the evidence tends to prove any relevant fact other than the defendant's character or his disposition to commit the crime charged, the evidence is admissible. *State v. McQueen*, 295 N.C. 96, 244 S.E. 2d 414 (1978); 1 Stansbury's N.C. Evidence § 91 (Brandis Rev. 1973). Here, Deputy Rowland testified that on each of the occasions on which he had seen the defendants prior to 25 February 1978, he had had occasion to talk with them. He then testified to receiving a telephone call from the defendants and being able to recognize their voices as a result of the numerous prior conversations he had had with each. Even if we accept the doubtful proposition that the complained of testimony of Deputy Rowland was in fact evidence of prior crimes, it was nonetheless admissible as competent to develop properly the evidence with regard to the telephone call he received from the defendants in connection with the crimes charged. *State v. Jenerett*, 281 N.C. 81, 187 S.E. 2d 735 (1972). Additionally, this evidence served to identify the defendants as the individuals with whom the deputy had dealt and the circumstances under which the purchase of the photography equipment was made. This assignment of error is overruled.

[2] The defendants next assign as error the admission of testimony by Deputy Rowland regarding a statement made to him by one of the defendants. Rowland testified that after he had entered Sanders' apartment, one of the defendants said, "We got

this camera equipment man, what will you give me for it?" The defendants contend that this evidence was inadmissible as Rowland could not remember which defendant made the statement. Assuming arguendo that the admission of this testimony was error, we find it harmless beyond a reasonable doubt. Each defendant admitted participating in the sale of the photography equipment, and neither based his defense upon a denial of that sale. As each defendant admitted participating in the sale and this testimony by Rowland merely corroborated the defendants' evidence, the identity of the particular defendant making the statement was irrelevant. The admission of this testimony was not prejudicial to the defendants in any respect and, therefore, any error in its admission was clearly harmless. This assignment of error is overruled.

[3]   The defendants also contend that the trial court erred in allowing the prosecutor to question Sanders concerning his failure to make a statement after his arrest. The defendants argue that such questioning amounted to a prejudicial comment by the prosecutor on Sanders' exercise of his right to remain silent. Under the facts of these particular cases, we do not agree.

During the trial of these cases, the defendant Sanders chose to testify in his own behalf. On cross-examination, the prosecutor asked the defendant the following questions:

Q. Have you ever before this day, sitting on that witness stand, ever said anything to any law enforcement man, woman, or whatever, about this person Ike?

A. No.

Q. Have you ever said anything to the District Attorney's Office prior to today sitting on this witness stand here, said anything at all about this man Ike?

MR. HOWARD: Objection.

COURT: Overruled.

A. No.

In *Doyle v. Ohio*, 426 U.S. 610, 49 L.Ed. 2d 91, 96 S.Ct. 2240 (1976), the Supreme Court of the United States stated that "the use for impeachment purposes of petitioners' silence, at the time

of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619, 49 L.Ed. 2d at 98, 96 S.Ct. at 2245. The Court indicated that its holding was necessary because the Miranda warnings implicitly assured a defendant that his silence would not be used against him. However, the holding in *Doyle* appears to have been carefully limited to situations in which the defendant has been advised of his Miranda rights prior to his exercise of his right to remain silent. *See Doyle v. Ohio*, 426 U.S. 610, 625-26, 49 L.Ed. 2d 91, 101, 96 S.Ct. 2240, 2248 (1976) (Stevens, J., dissenting, joined by Blackmun and Rehnquist, J.J.).

Nothing in the record on appeal before us in these cases indicates that either of the defendants were advised of their Miranda rights. As there is no evidence that these defendants were ever advised of their Miranda rights, advice as to those rights could not have implicitly assured them that their silence would not be used. Therefore, the Court's holding in *Doyle* did not prohibit the use of the defendants' silence by the State in the context of the facts of these particular cases.

When a defendant receives no assurance whatsoever that his silence will not be used against him, we do not believe it would be unreasonable or unfair to expect the accused to tell the authorities the identity of the perpetrator of the crime with which the defendant is charged, if the defendant has reason to believe that the perpetrator is someone other than himself. If the defendant has not been advised of his right to remain silent and waits until he takes the witness stand in his defense to first reveal the identity of the allegedly true perpetrator, the prosecutor may reveal the tardiness of any such statement as it tends to reflect upon the credibility of the statement. As the defendant Sanders was not given any explicit or implicit assurance that his silence would not be used against him, the trial court did not commit error in allowing the prosecutor to cross-examine him with regard to his prior silence which was otherwise relevant and admissible.

In addition, the defendants did not properly object to the introduction of the evidence in question on cross-examination. Generally, when evidence is admitted without objection, any objection to the evidence is waived. *State v. Banks*, 295 N.C. 399,

245 S.E. 2d 743 (1978); 1 Stansbury's N.C. Evidence § 27 (Brandis Rev. 1973). The defendants objected to a second question eliciting the same evidence. Having once allowed this evidence to come in without objection, the defendants waived their objections to the evidence and lost the benefit of later objections to the same evidence. *State v. Carey,* 288 N.C. 254, 218 S.E. 2d 387 (1975); *State v. Pruitt,* 286 N.C. 442, 212 S.E. 2d 92 (1975); 1 Stansbury's N.C. Evidence § 30 (Brandis Rev. 1973). As these defendants did not object to the first question and answer tending to impeach credibility in this matter, any objection to such questions was waived. Therefore, the defendants' final assignment of error is overruled.

The defendants received a fair trial free from prejudicial error. With regard to the judgments against each defendant in these cases, we find

No error.

Judges MARTIN (Robert M.) and ERWIN concur.