PAMELA NUNNERY, Plaintiff v. ERIC JONATHAN BAUCOM and BAUCOM'S
NURSERY COMPANY, Defendants

No. COA98-841

(Filed 16 November 1999)

**1. Trials— allowance of exhibit in jury room—absence of consent by defendants—failure to show prejudice**

Although the trial court erred in a four-car automobile colli-·sion case by allowing the police report to go to the jury room during jury deliberations without defendants' consent, defendants are not entitled to a new trial because defendants have failed to show any prejudice since: (1) the trial court found the copy of the report delivered to the jury room was the redacted version and defendants failed to include in the record on appeal either evidence or the verbatim transcript of the hearing relating to defendants' motion under N.C. R. App. P. 9(a)(1)(e); and (2) defendants' contention that prejudice is manifest regardless of which copy of the report was received by the jury in light of the fact the jury was not allowed to review testimony of certain defense witnesses is not preserved because defendants failed to present to the trial court a timely request, objection, or motion that any witness testimony be made available to the jury under N.C. R. App. P. 10(b)(1).

**2. Evidence— police report and testimony relating to police report—waiver of objections**

The trial court did not err in a four-car automobile collision case by admitting into evidence certain notations contained in the police report and the testimony of a sergeant relating to the report because: (1) defendants' objection at the time the report was introduced into evidence was limited to the diagram of the accident scene and the narrative contained in the "describe what happened" portion of the report; and (2) having once allowed the evidence to come in without objection, defendants waived their objections to the evidence.

**3. Evidence— hearsay—business records exception—descriptions in police report—first-hand knowledge**

The trial court did not err in a four-car automobile collision case by admitting into evidence descriptions in the police report relating to vehicle #3 even though that vehicle fled the scene

since the business records hearsay exception under Rule 803(6) expressly provides for the use of information of those having first-hand knowledge of the incident in question and the record indicates several other witnesses with knowledge of the acts were present.

**4. Appeal and Error— preservation of issues—liability insurance—motion in limine—failure to object at trial**

The trial court did not err in a four-car automobile collision case by admitting into evidence the existence of liability insurance during cross-examination of a witness employed by the insurance company because defendants' pre-trial motion in limine to exclude all references to insurance is insufficient to preserve for appeal the question of the admissibility of evidence if the movant fails to further object to the evidence at the time it is offered at trial under Rule 10(b)(1).

Appeal by defendants from order entered 9 February 1998 by Judge Dennis J. Winner in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 February 1999.

*Crews & Klein, P.C., by Paul I. Klein and James N. Freeman, Jr., for plaintiff-appellee.*

*Caudle & Spears, P.A., by L. Cameron Caudle, Jr. and J. Scott Lewis, and Anderson, Daniel & Coxe, by Henry L. Anderson, Jr., for defendants-appellants.*

JOHN, Judge.

Defendants appeal the trial court's denial of their motion for judgment notwithstanding the verdict or, in the alternative, for new trial (defendants' motion). We find no reversible error.

Pertinent facts and procedural history include the following: On 15 November 1991, plaintiff Pamela Nunnery and defendant Eric Jonathan Baucom (Baucom) were each traveling eastbound on Rural Paved Road 2665 in Mecklenburg County, North Carolina. Baucom was operating an automobile registered to defendant Baucom's Nursery Company. Two vehicles separated those being operated by plaintiff and Baucom. Plaintiff stopped her automobile in a line of traffic waiting at a red light; Baucom failed to stop and struck the vehicle immediately preceding his. That automobile, driven by William Doggette, collided with the next preceding vehicle (whose

driver fled the scene shortly thereafter), which in turn struck plaintiff's automobile. Sergeant V.C. Lessane of the State Highway Patrol (Sergeant Lessane) prepared an accident report (the report) in the course of his investigation of the collision and issued a citation to Baucom for "failure to reduce speed."

Plaintiff complained of injuries at the scene and visited a local hospital emergency room the next day complaining of headache and soreness in her neck. Over the next three years, plaintiff sought treatment from numerous physicians for symptoms she attributed to the collision, including headaches, diffuse muscle pain and sleep paralysis.

Plaintiff filed the instant suit 14 November 1994 alleging "severe and painful injuries to her person" caused by Baucom's negligent driving. Sometime thereafter, defendants engaged the services of Laurie Rountree (Rountree), a private investigator. Rountree, using a pretext, developed a friendly relationship with plaintiff and visited her on several social occasions. Rountree testified regarding her impressions of plaintiff's physical condition, and conceded on cross-examination that she was being paid by defendants' insurance company.

At trial, the jury found Baucom negligent and returned a verdict in favor of plaintiff in the amount of $350,000.00. Defendants' motion followed, based

> primarily on the action by the Trial Court allowing an unredacted State Highway Patrol report . . . [to be] sent to the jury room during deliberations . . . .

The trial court denied defendants' motion 9 February 1998 and the latter timely appealed.

Defendants raise nine assignments of error, condensed into five main issues for our review. Assignments of error 5, 7, 8, 11, and 12 are not set out in appellant's brief and thus are deemed abandoned. *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellant's brief . . . will be taken as abandoned").

[1] Defendants first assert the trial court erroneously allowed the report to be sent to the jury room during jury deliberations. In a related argument, defendants assign error to the court's denial of their new trial motion based upon receipt of the report by the jury during deliberations. We conclude each contention is unavailing.

It is well settled that trial exhibits introduced into evidence may not be present in the jury room during deliberations unless both parties consent. *Doby v. Fowler*, 49 N.C. App. 162, 163, 270 S.E.2d 532, 533 (1980). Further,

> the failure to make a timely objection to the taking of the exhibits to the jury room does not waive the error; "specific consent is required" of all parties,

*Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 528, 361 S.E.2d 909, 919 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988) (quoting *Doby*, 49 N.C. App. at 164, 270 S.E.2d at 533), and "an indication of an unwillingness to consent is sufficient," *Dixon v. Taylor*, 111 N.C. App. 97, 109, 431 S.E.2d 778, 784 (1993) (citation omitted).

Plaintiff maintains defendants specifically consented, while defendants contend their objection was clear. Relevant portions of the trial transcript read as follows:

THE COURT: They [the jury] want the accident report and the damage estimates. I take it that means—I don't remember what exhibits they were but the car damage. I presume they are wanting the car damage estimates. I guess that's all. Do you object?

[DEFENDANTS' ATTORNEY]: No, I don't object for them having either one.

THE COURT: You've both—

[DEFENDANTS' ATTORNEY]: We've both got to consent, that's right.

. . . .

Your Honor, let me tell you what happened. We don't object to the two appraisals, we objected to the actual report. It's got stuff on there that it's my belief should have never gone on it. I object to that going back there. . . . . .

THE COURT: What do you all say.

[PLAINTIFF'S ATTORNEY]: We propose sending it all back; sending the three items requested.

THE COURT: . . . Well, the Court, in its discretion, is going to allow those exhibits to be submitted to the Jury.

Interpretations of the foregoing by plaintiff and defendants differ markedly. Plaintiff suggests that

> defense counsel clearly consented to the requested exhibits being given to the jury during deliberations, when asked by the Trial Court[, and was merely reiterating] his previous objection to the accident report being admitted into evidence

in the first instance. Defendants maintain their objection was unambiguously indicated by counsel's statement, "I object to that going back there."

We conclude defendants' reading of the cited exchange is the more accurate. The first statement of defendants' counsel simply comprised a response to the trial court's inquiry as to whether there was an objection to the damage estimates being sent to the jury. Defendants' counsel stated he did not "object [to] them having either one," an apparent reference to the appraisals, and shortly thereafter clarified, "[w]e don't object to the two appraisals, we objected to the actual report. . . . *I object to that going back there*" (emphasis added).

The acknowledgment of plaintiff's counsel that "three items [were] requested" and the court's directive that examination of the exhibits in the jury room was being allowed "in its discretion" support our reading of the transcript. As defendants point out,

> [i]f the trial judge believed that Mr. Anderson had consented, there would have been no reason for the judge to use his perceived discretionary powers in making this ruling.

Significantly, moreover, even under plaintiff's interpretation that defendants' counsel merely reiterated his objection to introduction of the report into evidence, nothing in the record indicates defendants registered the "specific consent" required by *Robinson*, 87 N.C. App. at 528, 361 S.E.2d at 919, to sending the report into the jury room. To the contrary, the record reflects "an indication of an unwillingness to consent," *Dixon*, 111 N.C. App. at 109, 431 S.E.2d at 784, on the part of defendants. Accordingly, the trial court erred in allowing the report to be viewed by the jury during the latter's deliberations. *See Robinson*, 87 N.C. App. at 527, 361 S.E.2d at 919.

Nonetheless, defendants are "not entitled to a new trial absent a showing that the error was prejudicial." *Gardner v. Harriss*, 122 N.C. App. 697, 700, 471 S.E.2d 447, 450 (1996); *see also Robinson*, 87 N.C. App. at 528, 361 S.E.2d at 919 ("party asserting the error must demon-

strate that he has been prejudiced thereby"). As our Supreme Court has stated,

> [n]ew trials are not granted for error and no more. The burden is on the appellant not only to show error but also to show that he was prejudiced to the extent that the verdict of the jury was thereby probably influenced against him.

*Freeman v. Preddy*, 237 N.C. 734, 736, 76 S.E.2d 159, 160 (1953) (citations omitted).

Defendants insist that allowing the report into the jury room was prejudicial for two reasons. First, defendants maintain the jury was allowed to view an unredacted version of the exhibit. When the report was first offered into evidence, defendants objected to Sergeant Lessane's entries in the "Estimated Original Traveling Speed" and "Estimated Speed at Impact" portions of the report. The trial court received the report into evidence upon redaction of the challenged entries.

According to defendants, however, an unredacted copy actually was delivered to the jury room. Defendants cite the affidavit of one juror, LaVera Bunn (juror Bunn), indicating the report sent to the jury room contained the complained of entries.

However, in ruling on defendants' motion, the trial court pointedly found, on the basis of the "arguments of counsel as well as the papers submitted in favor of and in opposition to the [m]otion," that the copy of the report "furnished to the jury had completely redacted from it all written entries for 'Estimated Original Traveling Speed' and 'Estimated Speed At Impact.' "

> [F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if, *arguendo*, there is evidence to the contrary.

*Lumbee River Electric Corp. v. City of Fayetteville*, 309 N.C. 726, 741, 309 S.E.2d 209, 219 (1983) (citation omitted). Although there is contrary evidence in the form of juror Bunn's affidavit, we must presume the trial judge's findings were based upon competent evidence in that defendants failed to include in the record on appeal either evidence or the verbatim transcript of the hearing relating to defendants' motion. *See Baker v. Baker*, 115 N.C. App. 337, 339, 444 S.E.2d 478, 480 (1994) (where plaintiff-appellant failed to include evidence or verbatim transcript in record, appellate court will not consider

assignments of error directed at trial court's findings of fact, but "must assume that the trial court's findings of fact [we]re supported by competent evidence").

N.C.R. App. P. 9(a)(1)[(e)] requires that the record on appeal contain so much of the evidence, either in narrative form or in the verbatim transcript of the proceedings, as is necessary for an understanding of all errors assigned. *See also* N.C.R. App. P. 9(c). Where such evidence is not included in the record, it is presumed that the findings are supported by competent evidence, and the findings are conclusive on appeal.

*In re Botsford*, 75 N.C. App. 72, 74-75, 330 S.E.2d 23, 25 (1985).

In this context, we note with interest that among plaintiff's Objections to Proposed Record on Appeal was the following:

11. Appellee objects to the failure to include in the Proposed Record on Appeal the following items:

. . . .

(d) The transcript of the hearing before the [trial court] on the Defendants' Motion for Judgment Notwithstanding the Verdict 50(B)/Motion for New Trial . . . .

Upon defendants' request that the trial court settle the record on appeal, the parties resolved several of plaintiff's objections. The court, after "having heard arguments of counsel" on the matter, thereupon entered an order excluding the transcript. The absence of the transcript from the record thus apparently resulted from *defendants'* failure to include it therein and their subsequent resistance to plaintiff's objection challenging its omission.

In any event, defendants continue, prejudice is manifest whichever copy of the report was received by the jury because the jury was not allowed to review testimony of certain defense witnesses. According to defendants, plaintiff's "entire theory of [the] case . . . was based upon the accident occurring" as set out in the report, and

[i]n effect, the jurors were given a summary of the plaintiff's entire case to review, while the defendants had no similar opportunity.

However, although the trial court acceded to defendants' request "to send every single exhibit so that they [the jury] can look at the dam-

age to the cars and the pictures," defendants failed to "present[] to the trial court a timely request, objection or motion" that any witness testimony be made available to the jury. N.C.R. App. P. 10(b)(1) (Rule 10(b)(1)). Therefore, defendants' argument has not been properly preserved for our review in that defendants made no "timely request" to the trial court. *Id.*

As noted above, it is defendants' burden to demonstrate prejudice resulting from erroneous receipt by the jury during deliberations of the report absent defendants' consent. *Freeman*, 237 N.C. at 736, 76 S.E.2d at 160. Having rejected defendants' two arguments asserting prejudice, we conclude they have failed to meet this burden.

In addition,

> [t]he granting or denial of a motion for new trial rests within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a manifest abuse of such discretion or determination that his ruling is clearly erroneous.

*Pinckney v. Van Damme*, 116 N.C. App. 139, 148, 447 S.E.2d 825, 831 (1994) (citations omitted). Having held defendants failed to demonstrate prejudice resulting from the jury's viewing of the report during deliberations without defendant's consent, we cannot say the trial court abused its discretion in denying defendants' motion based upon the jury's receipt of the report.

[2] Defendants also challenge the admission into evidence of certain notations contained in the report as well as the receipt of testimony from Sergeant Lessane related to the report. Defendants concede the report was admissible pursuant to N.C.G.S. § 8C-1, Rule 803(6) (1992) (Rule 803(6)); *see also Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. review denied*, 322 N.C. 610, 370 S.E.2d 257 (1988). However, defendants take issue with: (1) the notation therein that Baucom's "failure to reduce speed" was a "contributing circumstance[];" (2) the entry indicating $3500.00 as "estimated damages" to the Baucom and Doggette vehicles; (3) the diagram of the accident scene reflecting the location of "vehicle no. 3," the hit and run vehicle; and, (4) the portions of Sergeant Lessane's testimony wherein he repeated to the jury entries in the "describe what happened" and "tire impressions before impact" sections of the report.

Plaintiff interjects that several of defendants' contentions have not been properly preserved for appeal. We agree, based on the following portion of the trial transcript:

NUNNERY v. BAUCOM

[135 N.C. App. 556 (1999)]

[PLAINTIFF'S ATTORNEY]: Your Honor, at this time, I would move Plaintiff's Exhibit Number One [the accident report] into evidence.

[DEFENDANTS' ATTORNEY]: Judge, we would object just to portions of that report.

. . . .

THE COURT: All right, to what do you object?

[DEFENDANTS' ATTORNEY]: Judge, we would just simply object to the narrative portion where trooper—where Sergeant Lessane indicates that this was a four-car collision initiated by Mr. Baucom.

. . . .

[A]nd we would also object to the diagram that was drawn. The diagram was based upon where the vehicles were when Sergeant Lessane arrived at the scene. . . . . .

THE COURT: Is there any other portion to the accident report to which you object?

. . . .

[DEFENDANTS' ATTORNEY]: Judge, we just object to the diagram and the description.

THE COURT: Overruled as to that. . . . . .

The foregoing reveals that defendants' objection at the time the report was introduced into evidence was limited to (a) the diagram of the accident scene and (b) the narrative contained in the "describe what happened" portion of the report. Therefore, defendants' assertions of error relating to sections of the report labeled "contributing circumstances," "estimated damages" and "tire impressions before impact" have not been properly preserved for our review. *See* Rule 10(b)(1). Notwithstanding, defendants point to a later objection to testimony related to the tire impression portion of the report. However,

[h]aving once allowed th[e] evidence to come in without objection, the defendants waived their objections to the evidence and lost the benefit of later objections to the same evidence.

*State v. Burnett,* 39 N.C. App. 605, 610, 251 S.E.2d 717, 720, *cert. denied,* 297 N.C. 302, 254 S.E.2d 924 (1979) (citations omitted).

**[3]** Defendants' surviving contentions both find fault with admission into evidence of descriptions in the report concerning "vehicle no. 3." Specifically, defendants assert that, in view of the failure of Sergeant Lessane to interview the operator of that automobile who fled the scene, the designation on the diagram of "vehicle no. 3" as being in contact with plaintiff's automobile should have been redacted, as well as that portion of the narrative "dealing with the motions and actions of vehicle no. 3." We do not agree.

This Court has previously held accident reports may be admissible under the business records exception to the hearsay rule, Rule 803(6), if several requirements are met:

> such reports must be authenticated by their writer, prepared at or near the time of the act(s) reported, by or from information transmitted by a person with knowledge of the act(s), [and] kept in the course of a regularly conducted business activity . . . .

*Wentz,* 89 N.C. App. at 39, 365 S.E.2d at 201.

Defendants do not dispute that the report herein was authenticated, prepared near the time of the acts, and kept in the regular course of business. Rather, defendants maintain that virtually no information relative to "vehicle no. 3" should have been admitted because the driver thereof was not present when Sergeant Lessane prepared the report. However, the record indicates several other witnesses "with knowledge of the act(s)," *id.,* were present.

> The business records exception expressly provides for the use of information from those having first-hand knowledge of the incident in question.

*Id.* at 40, 365 S.E.2d at 201. Sergeant Lessane testified he prepared the report "from the statements that were presented to me by the drivers at the scene," each of which possessed "first-hand knowledge," *id.,* of the collision and the involvement therein of "vehicle no. 3," and that none, including Baucom, objected to the narrative contained in the report. The trial court thus did not err in admitting the report notwithstanding that Sergeant Lessane was unable to obtain a statement from the operator of "vehicle no. 3." *See id.; see also Keith v. Polier,* 109 N.C. App. 94, 98, 425 S.E.2d 723, 726 (1993) (accident report "sufficiently trustworthy" and admissible under Rule 803(6) when based

upon information received from drivers involved in collision who registered no objection to conclusions contained therein upon review at the collision scene).

[4] Lastly, defendants maintain the trial court erroneously admitted evidence relating to the existence of liability insurance during cross-examination of Rountree. Preliminarily, we examine plaintiff's assertion that this assignment of error has not been properly preserved for appellate review. *See* Rule 10(b). Based upon a recent ruling of our Supreme Court, we hold it was not.

Defendants filed a pre-trial motion *in limine* to exclude all references to "insurance companies, proceeds, policies, et cetera." Several days later, after reading the transcript of Rountree's deposition and after conducting two *voir dire* examinations of Rountree, the trial court ruled that Rountree could be "cross-examined about [being] employed by [defendants'] insurance company," but that it would instruct the jury to consider this testimony only as it related to witness bias. Defendants concede they interjected no objections to individual questions regarding insurance during plaintiff's cross-examination of Rountree.

A motion *in limine* seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial," and is recognized in both civil and criminal trials. *State v. Tate*, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, *rev'd on other grounds*, 300 N.C. 180, 265 S.E.2d 223 (1980). The trial court has wide discretion regarding this advance ruling and will not be reversed absent an abuse of discretion. *Webster v. Powell*, 98 N.C. App. 432, 439, 391 S.E.2d 204, 208 (1990), *aff'd*, 328 N.C. 88, 399 S.E.2d 113 (1991).

In addition, a trial court's ruling on a motion *in limine* is not final, but rather interlocutory or preliminary in nature, and the court's ruling on such motion is subject to modification during the course of the trial. *State v. Swann*, 322 N.C. 666, 686, 370 S.E.2d 533, 545 (1988). Accordingly,

> [t]he rule is that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the [movant] fails to further object to the evidence at the time it is offered at trial."

*Martin v. Benson*, 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998) (quoting *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845-46, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995)).

**NUNNERY v. BAUCOM**

[135 N.C. App. 556 (1999)]

Defendants insist a different rule should apply, citing simultaneous decisions by this Court in *Pack v. Randolph Oil Co.*, 130 N.C. App. 335, 502 S.E.2d 677, *disc. review denied*, 349 N.C. 361, —— S.E.2d —— (1998), and *State v. Hayes*, 130 N.C. App. 154, 502 S.E.2d 853 (1998), which appeared to alter the established rule. However, these cases have recently been expressly "disavow[ed]" and the "old" rule reaffirmed by our Supreme Court in the appeal from the *Hayes* decision. *See State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (motion *in limine* insufficient to preserve for appeal question of admissibility of evidence if movant fails to object to evidence at time evidence is offered at trial).

Based on the foregoing, we hold that defendants have failed to preserve for our review their objection to testimony by Rountree tending to show the existence of liability insurance. *See* Rule 10(b)(1) (to preserve question for appellate review, party "must have presented to the trial court a timely . . . objection . . . stating the specific grounds for the ruling the party desired"; complaining party must also obtain a ruling on the objection). We further note that

> the apparent rule change in *Pack* and *Hayes* came well after trial of the case *sub judice*, so [defendants] could in no wise have been prejudiced by any language therein.

*Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 623, 504 S.E.2d 102, 107 (1998).

No Error.

Judges WALKER and McGEE concur.