**REDD v. WILCOHESS, L.L.C.**

[227 N.C. App. 293 (2013)]

BRENDA HANES REDD, Plaintiff

v.

WILCOHESS, L.L.C., AND A.T. WILLIAMS OIL CO., Defendants

No. COA12-639-2

Filed 21 May 2013

**Evidence—use by jury—during deliberations—statutory analysis —no prejudice**

The trial court's failure to submit a surveillance video to the jury during deliberations should have been analyzed under N.C.G.S. § 1-181.2 (2011), rather than under *Nunnery v. Baucom*, 135 N.C. App. 556. However, plaintiff's substantive argument was without merit because the jury withdrew its request to review the videotape and had otherwise reached a verdict.

Appeal by Plaintiff from judgment entered 9 September 2011 by Judge Richard W. Stone in Forsyth County Superior Court. Heard in the Court of Appeals 7 January 2013. Opinion filed 5 March 2013. Plaintiff's petition for rehearing granted 8 April 2013. The following opinion supersedes and replaces Part II.B. of the opinion filed 5 March 2013 but otherwise adopts the remainder of the opinion filed 5 March 2013.

*Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III, and Harvey L. Kennedy, for Plaintiff.*

*McAngus, Goudelock & Courie, PLLC, by Garry T. Davis and Jeffrey B. Kuykendal, for Defendants.*

DILLON, Judge.

The facts in this matter are set forth in this Court's previous opinion, *Redd v. WilcoHess*, L.L.C., __ N.C. App. __, __ S.E.2d __ (2013), filed 5 March 2013. Plaintiff contends in her motion for reconsideration that her argument pertaining to the trial court's failure to submit the surveillance video to the jury during deliberations should have appropriately been analyzed under N.C. Gen. Stat. § 1-181.2 (2011), rather than *Nunnery v. Baucom*, 135 N.C. App. 556, 559, 521 S.E.2d 479, 482 (1999). We agree. However, we adopt our previous opinion in this matter in full, with the exception of our resolution of Plaintiff's argument pertaining to the trial

court's failure to submit the surveillance video to the jury as contained in Part II.B. of the previous opinion.[1]

### B: Jury Request

Plaintiff contends it was prejudicial error for the trial court not to submit the surveillance video to the jury during deliberations. In our previous opinion, we held that the trial court did not commit error, relying, in part, on the analysis in our opinion *Baucom*, 135 N.C. App. 556, 521 S.E.2d 479, in which we stated that "[i]t is well settled that trial exhibits introduced into evidence may not be present in the jury room during deliberations unless both parties consent." *Id.* at 559, 521 S.E.2d at 482 (citation omitted). In Plaintiff's motion for reconsideration, she contends that the Legislature "overruled the [*Baucom*, 135 N.C. App. 556, 521 S.E.2d 479] legal analysis when it enacted N.C.G.S. § 1-181[.]2 in 2007[.]" The effect of N.C. Gen. Stat. § 1-181.2 (2011) on *Baucom*, 135 N.C. App. 556, 521 S.E.2d 479, appears to be an issue of first impression for this Court, as Plaintiff does not cite, nor have we found, any case law on point. We believe Plaintiff is correct in stating that N.C. Gen. Stat. § 1-181.2 (2007), applies to this case, and that N.C. Gen. Stat. § 1-181.2 supersedes *Baucom* on this point. The foregoing notwithstanding, after considering Plaintiff's argument under N.C. Gen. Stat. § 1-181.2, we none-theless conclude that Plaintiff's substantive argument is without merit.

In 2007, eight years after *Baucom*, our Legislature enacted N.C. Gen. Stat. § 1-181.2, which states the following:

> (a) If the jury in a civil action after retiring for delibera-tion requests a review of certain testimony or other evi-dence, the jurors must be conducted to the courtroom. The court in its discretion, after notice to the parties and giving the parties an opportunity to be heard, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. The court in its discretion may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.
>
> (b) Upon request by the jury, the court may in its discre-tion and after permitting the parties an opportunity to be heard permit the jury to take into the jury room admitted

---

1. We have reviewed Plaintiff's remaining arguments in her petition for reconsidera-tion and find them to be without merit.

exhibits which have been passed to the jury, photographs admitted into evidence and shown to the jury and used by any witnesses in their testimony before the jury, and any illustrative exhibits admitted into evidence and used by any witnesses in their testimony before the jury. Summaries of testimony prepared in the courtroom by any party, lists made by any party in the courtroom and such similar documents shall not be sent to the jury room with the jury, even if admitted into evidence and requested by the jury. Depositions may be taken into the jury room upon request of the jury only with consent of the parties.

(c) Upon request by the jury, the court may permit the jury to take into the jury room any exhibit that all parties stipulate and agree may be taken into the jury room.

*Id.* We believe the plain language of N.C. Gen. Stat. § 1-181.2 indicates that the Legislature intended to supersede the rule of *Baucom*, 135 N.C. App. 556, 521 S.E.2d 479, which heretofore *required* that both parties must consent in order for exhibits to be present in the jury room during deliberations. Although subsection (c) of N.C. Gen. Stat. §1-181.2 is consistent with our analysis in *Baucom* in that it provides for a trial judge to allow a jury, upon a jury's request, to take exhibits into the jury room "that all parties stipulate and agree may be taken into the jury room," subsections (a) and (b) give the trial court the sole discretion to permit the jury to reexamine evidence admitted at trial in open court or to take evidence admitted at trial into the jury room, regardless of whether the parties consent, provided that the parties are permitted to be heard before the trial court makes its decision. *Id.*[2]

In the case *sub judice*, near the end of the first day of jury deliberations, the foreperson requested that the surveillance video showing Plaintiff's slip and fall, which was admitted into evidence and published to the jury during the trial in this case, be shown to the jury, to which the court responded, "Okay. We'll do that first thing in the morning and then go from there."

---

2. N.C. Gen. Stat. § 1-181.2(b) does list two exceptions to this general rule: (1) "[s]ummaries of testimony prepared in the courtroom by any party, lists made by any party in the courtroom and such similar documents shall not be sent to the jury room with the jury, even if admitted into evidence and requested by the jury[;] and (2) "Depositions may be taken into the jury room upon request of the jury only with consent of the parties." *Id.* However, neither exception has application in the case *sub judice*.

The next morning, counsel for Defendants was not present in the courtroom at 9:30 A.M. The trial court sent the jury back to deliberate while counsel for Plaintiff and the court waited for the arrival of counsel for Defendant. The jury sent a second question to the trial judge: "Can the courtroom be cleared while we view the video, so that we may discuss while viewing?" After counsel for Defendants arrived, the trial court allowed the attorneys to be heard regarding the method by which the jury might view the surveillance videos. The colloquy that transpired was lengthy. The trial court and the attorneys discussed a variety of issues, including, among other things, such questions as whether "the jury should come out and look at the video and then go back and deliberate," whether the jury should view the video in the jury room and deliberate while viewing it, or whether the courtroom could "serve as the jury room[.]" Before the trial court had concluded its hearing with the attorneys, the jury informed the deputy that they no longer wanted to see the video and had reached a verdict. Counsel for Plaintiff and Defendants then approached the bench, after which the trial court said the following:

> THE COURT: Mr. Foreperson, before you hear the verdict read by the clerk, you had this morning sent out a request to see the video and examine it. Are you withdrawing that request? Is the jury –
>
> MR. FOREPERSON: Yes, sir. . . . On further deliberation, we didn't really need to see it.
>
> THE COURT: Do all the jurors agree to this?
>
> JURORS: Yes.
>
> THE COURT: Please indicate so by raising hands. Let the record reflect that all jurors raised their hand, indicating they agree with the statement of the foreperson that they were withdrawing their request to see the video. Madam Clerk, would you take the verdict, please?

Subsection (c) of N.C. Gen. Stat. §1-181.2 does not apply to our analysis since the parties never came to any agreement regarding the method by which the jury might reexamine the videotape evidence. Notwithstanding, as previously stated, subsections (a) and (b) provide that the trial court has discretion to permit the jury to reexamine evidence admitted at trial in open court or to take evidence admitted at trial into the jury room, regardless of whether the parties consent. *Id.* Whether the trial court permits the evidence, in an exercise of its discretion, either to be taken

into the jury room during deliberations or to be reviewed in open court by the jury, N.C. Gen. Stat. § 1-181.2(a) requires that the trial court *must* first give the parties "an opportunity to be heard[.]" *Id.* In this particular case, the record reflects that the parties had a lengthy discussion about how they would prefer that the jury view the surveillance videotapes. The trial court was following the mandate of N.C. Gen. Stat. § 1-181.2(a) and giving the parties "an opportunity to be heard[.]" *Id.* During the time the parties discussed the various methods of viewing the surveillance videotapes, the jury reached a verdict without the videotapes. The jurors indicated that their request for the videotapes was withdrawn because, "[o]n further deliberation, . . . [we] didn't really need to see it." Since the jury withdrew its request to review the videotapes and had otherwise reached a verdict, there became no basis under N.C. Gen. Stat. § 1-181.2 for the trial court to exercise discretion regarding whether and how the videotapes would be viewed by the jury. Accordingly, we conclude there was no prejudicial error in this case.[3]

NO ERROR.

Chief Judge MARTIN and Judge Ervin concur.

---

3. Although not pertinent to our analysis under N.C. Gen. Stat. § 1-181.2, we also note that the trial court polled the jury and established that the verdict was not affected by the jury not reviewing the videotapes.